UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

_____x
                                   :
In re:                             :    CHAPTER 11
                                   :
HARBORSIDE ASSOCIATES, LLC         :    CASE NO. 17-50749 (JAM)
                                   :
        Debtor.                    :
_____x

### DEBTOR'S APPLICATION TO EMPLOY
### NEUBERT, PEPE & MONTEITH, P.C. AS COUNSEL

Pursuant to 11 U.S.C. Section 1107 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, the debtor, Harborside Associates, LLC (the "Debtor"), hereby applies for an order authorizing the employment of the law firm of Neubert, Pepe & Monteith, P.C. ("NPM") as counsel to the Debtor. In support of this application, the Debtor respectfully represents as follows:

### BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

2. On June 28, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor continues in possession of its property and operates its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

### RELIEF REQUESTED

4. Pursuant to Section 327(a) of the Bankruptcy Code, the Debtor desires to employ and retain NPM as counsel under a general retainer.

5. NPM maintains its offices in New Haven, Connecticut, with additional offices in Fairfield, Connecticut and White Plains, New York. NPM was founded in 1993 and has a widely diversified general and corporate practice. The firm currently employs 25 lawyers, who are assisted by five paralegals.

6. The Debtor selected NPM as its counsel because of NPM's expertise in financial reorganizations, bankruptcy, corporate, and litigation matters. NPM is well suited for the type of representation required by the Debtor. NPM has substantial resources and expertise in the areas of the law that may arise in this case, including bankruptcy, finance, real estate, tax, and litigation.

7. The Debtor contemplates that NPM will render general legal services to the Debtor as needed throughout the course of its Chapter 11 case, including the following:

    a. Advising the Debtor of its rights, powers, and duties as a debtor and debtor-in-possession continuing to operate and manage its business and property;

    b. Advising the Debtor concerning, and assisting in the negotiation and documentation of, financing agreements, debt restructuring, and related transactions;

    c. Reviewing the nature and validity of any liens asserted against the property of the Debtor, and advising the Debtor concerning the enforceability of such liens;

    d. Advising the Debtor concerning the actions that these might take to collect and to recover property for the benefit of the Debtor's estate;

    e. Preparing on the Debtor's behalf necessary and appropriate applications, motions, pleadings, draft orders, notices, and other documents, and reviewing all financial and other reports to be filed in this Chapter 11 case;

    f. Advising the Debtor concerning, and preparing responses to, applications, motions, pleadings, notices, and other papers which may be filed and served in this Chapter 11 case;

    g. Counseling the Debtor in connection with the formulation, negotiation, and prosecution of a plan of reorganization and related documents; and

  h.  Performing all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of this Chapter 11 case.

  8.  Subject to the Court's approval, NPM will charge the Debtor for legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature, specifically: $145.00 for paralegal work; $175.00 - $325.00 for associates and counsel; and up to $385.00 for principals of the firm. NPM will also bill for out-of-pocket expenses made on behalf of the Debtor, including copy charges, travel expenses, long distance telephone charges, and research charges.

  9.  NPM intends to apply to this court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Court's Local Rules.

  10.  NPM is holding a retainer in the amount of $10,000 to be applied toward post-petition services rendered by NPM on the Debtor's behalf. The retainer was provided by CVA, LLC, an entity owned by three of the principals of Hermanos, LLC, the Debtor's principal. In addition, CVA, LLC has agreed to provide an additional retainer of $5,000 and the chapter 11 filing fee of $1,717 which funds NPM shall hold in its clients funds account at Webster Bank, N.A. CVA, LLC has agreed not to pursue claims against the Debtor for retainer funds it has provided to NPM for the Debtor's benefit.

  11.  To best of the Debtor's knowledge, information, and belief, NPM has no connection with the Debtor, its creditors, or any other party in interest.

  12.  To the best of the Debtor's knowledge, information, and belief, NPM represents no interest adverse to the Debtor or to its estate in the matters for which it is proposed to be retained.

3

13. The Debtor submits that the employment of NPM would be in the best interests of the Debtor, its estate, and creditors. An affidavit executed on behalf of NPM in accordance with the provisions of Section 327 of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedures, and Local Rule of Bankruptcy Procedure 2014-1, is attached hereto as Exhibit A and is incorporated herein by reference.

**WHEREFORE**, the Debtor seeks an Order authorizing the employment of Neubert, Pepe & Monteith, P.C. as its counsel for the reasons set forth above, and for such other and further relief as may be just and proper.

Dated: June 27, 2017　　　　　　　　　　　　THE DEBTOR,
New Haven, Connecticut　　　　　　　　　　HARBORSIDE ASSOCIATES, LLC

　　　　　　　　　　　　　　　　　　　　　By: /s/ Luciano Coletta
　　　　　　　　　　　　　　　　　　　　　Luciano Coletta, Duly Authorized
　　　　　　　　　　　　　　　　　　　　　Member of HERMANOS, LLC
　　　　　　　　　　　　　　　　　　　　　its sole member

As to Paragraph 10 of this application, CVA, LLC acknowledges that it waives any claim against the Debtor for the retainer funds provided to the Debtor.

　　　　　　　　　　　　　　　　　　　　　CVA, LLC

　　　　　　　　　　　　　　　　　　　　　By: /s/ Luciano Coletta
　　　　　　　　　　　　　　　　　　　　　Luciano Coletta, Duly Authorized
　　　　　　　　　　　　　　　　　　　　　Member of CVA, LLC

4

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------x
                                                   :
In re:                                             :   CHAPTER 11
                                                   :
HARBORSIDE ASSOCIATES, LLC                         :   CASE NO. 17-50749 (JAM)
                                                   :
            Debtor.                                :
---------------------------------------------------x

**VERIFIED RULE 2014 STATEMENT OF**
**NEUBERT, PEPE & MONTEITH, P.C.**

STATE OF CONNECTICUT )
                     ) ss: New Haven
COUNTY OF NEW HAVEN )

I, Douglas S. Skalka, being duly sworn, hereby depose and say as follows:

1. I am a principal of the law firm of Neubert, Pepe & Monteith, P.C. ("NPM"), and am duly admitted to practice in the State of Connecticut and in the United States District Court for the District of Connecticut.

2. NPM maintains offices for the practice of law at 195 Church Street in New Haven, Connecticut, with additional offices in Fairfield, Connecticut and White Plains, New York.

3. To ascertain NPM's connections with the Debtor, the creditors of the estate, parties in interest (and their respective attorneys and accountants), the United States Trustee, or any person employed in the office of the United States Trustee, I caused NPM's employees to examine NPM's records to determine NPM's connections with the aforementioned parties. In addition, I discussed with NPM's attorneys matters which appeared to have connections with the Debtor, its creditors, or parties in interest. To the best of my knowledge, after taking such steps, the following statements relating to NPM's status with respect to the requirements of 11 U.S.C. Section 327 are true.

4. To the best of my knowledge, NPM has not represented and does not represent the Debtor's equity holder, creditors, or other party-in-interest in connection with the Debtor.

5. To the best of my knowledge, NPM does not hold or represent an interest adverse to the interests of the creditors of the Debtor's bankruptcy estate.

6. To the best of my knowledge, NPM is a "disinterested person" within the meaning of 11 U.S.C. Sections 101(14) and 327.

7. While NPM has made a diligent effort to ascertain the identity of and clear any potential conflicts with interested parties, it is possible that either the Debtor or NPM has not yet identified all creditors and parties-in-interest, and, therefore, that NPM may have other contacts hereto. To the extent that any additional information comes to light, NPM will review, disclose, and resolve any conflict or adverse interests that may appear.

8. To the best of my knowledge, understanding, and belief, the proposed employment of NPM is in all respects in accordance with and proper under 11 U.S.C. Section 327.

    /s/Douglas S. Skalka
Douglas S. Skalka

Subscribed and sworn to before me
this 28th day of June, 2017.

    /s/Anthony C. Famiglietti
Anthony C. Famiglietti
Commissioner of the Superior Court

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | CHAPTER 11 |
| HARBORSIDE ASSOCIATES, LLC | CASE NO. 17-50749 (JAM) |
| Debtor. |  |

**ORDER AUTHORIZING DEBTOR TO EMPLOY**
**NEUBERT, PEPE & MONTEITH, P.C. AS ATTORNEYS**

Upon the Application of the above-named debtor Harborside Associates, LLC (the "Debtor") seeking authority to employ and appoint Neubert, Pepe & Monteith, P.C. pursuant to Section 327(a) as attorneys to represent it as Debtor-in-Possession ("Application"), and upon the Verified Rule 2014 Statement of Douglas S. Skalka, and it appearing that Neubert, Pepe & Monteith, P.C. are attorneys duly admitted to practice in this Court, and the Court being satisfied that Neubert, Pepe & Monteith, P.C. does not represent any adverse interest to said Debtor-in-Possession herein, or to its estate, and are disinterested persons, and that the employment of Neubert, Pepe & Monteith, P.C. is necessary and would be in the best interest of the estate, it is hereby

ORDERED that the Debtor herein be and it is hereby authorized pursuant to Section 327(a) to employ Neubert, Pepe & Monteith, P.C. to represent it as its counsel on an hourly basis in the within proceedings under chapter 11 of Title 11 of the United States Code. The retainer and filing fee have been provided by CVA, LLC and will be held in Neubert, Pepe & Monteith, P.C.'s clients funds account at Webster Bank, N.A. and will remain property of the Debtor's bankruptcy estate until such time as the Bankruptcy Court approves its use to pay legal fees and expenses incurred in representing the Debtor in contemplation of and in connection with the chapter 11 case; and it

is further

ORDERED that the effective date of this order shall be the date the instant Application was filed; and it is further

ORDERED that Neubert, Pepe & Monteith, P.C. is directed to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with 11 U.S.C. §§ 330 and 331, the applicable Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure.  Compensation will be paid in such amounts as may be allowed by the Court on proper application.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | CHAPTER 11 |
| HARBORSIDE ASSOCIATES, LLC | CASE NO. 17-50749 (JAM) |
| Debtor. | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 28, 2017 the foregoing Application was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Dated: June 28, 2017  
      New Haven, Connecticut

THE DEBTOR,  
HARBORSIDE ASSOCIATES, LLC

By: /s/Douglas S. Skalka  
Douglas S. Skalka (ct00616)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut  06510  
Telephone (203) 821-2000  
dskalka@npmlaw.com

<u>Service List</u>

**Electronic Mail Notice List**

- U. S. Trustee    USTPRegion02.NH.ECF@USDOJ.GOV

**Manual Notice List**

Holley L. Claiborn
Office of The United States Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510