UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| Harborside Associates, LLC | : | Case No. 17-50749 |
| | : | |
| Debtor | : | August 7, 2017 |

## OBJECTION TO CLAIM

Creditor, Bal Harbour, LLC ("Harbour"), the assignee of The Salce Companies, LLC ("Salce"), hereby objects to the claim of Sioux, LLC, pursuant to Bankr. Rule 3007(a) as follows.

### A.    Factual Background

1. The Salce Companies, LLC was previously the owner and holder of a second mortgage on the sole asset of the Debtor, a parcel of real estate at 946 Ferry Boulevard, Stratford, CT (the "Property").

2. The Property is leased to a tenant which operates a restaurant and which pays $18,000.00 per month in rent, plus other items per its written lease.

3. The Debtor has now filed its second Chapter 11 case. Its previous case, No. 11-50738 resulted in a confirmed Plan on or about October 30, 2013.

4. In the prior case, the first mortgage was held by Dakota HRG, LLC. Dakota apparently assigned its loan to Sioux. The Amended Disclosure Statement, **Exhibit A** hereto reveals the following relevant information.

    a)    At pg. 3 - the ownership structure of the Debtor.

    b)    At pg. 6 - Webster Bank held the first mortgage and received

monthly adequate protection of $7,500.00 with $172,500.00 paid as of May, 2013.

    c)    At pg. 7, the Assignor of the first mortgage loan filed a claim for $1,880,505.30 with interest accruing at 4.125%. $172,500.00 of adequate protection was paid through May, 2012. (Payments continued through confirmation on October 30, 2013; increased to $9,000.00 per month and then later increased to $18,000.00 per month. See infra).

5.    The Plan, **Exhibit B**, (Doc. I.D. No. 332) confirmed in Oct. 2013 states:

    a)    At pg. 8 - "The Reorganized Debtor's equity holders will contribute the sum equivalent to any short fall when and as required for performance of the Reorganized Debtor's obligations hereunder."

    b)    At pg. 3 - that Class shall be paid $9,000.00 per month with interest at 4.125%, with a balloon in 30 months.

**B.**    **The Debtor filed this Second Chapter 11 Case after its prior failure and scheduled the Sioux claim.**

6.    In the present case, the Sioux first mortgage claim is scheduled for $2,100,000.00 (See ECF Doc. 24, p.7). However, there is no logical method of arriving at such a large number; it is erroneous.

7.    It is known, as set forth in the prior Plan, that the Dakota claim started at $1,880,505.30 and was reduced by $172,500.00 as of May, 2013, and continued to receive $7,500.00 per month to confirmation in October, 2013; another $45,000.00. Thus, $217,500.00 was paid on account as of October, 2013.

2

   a) Per the confirmed plan, payments of $9,000.00 per month then started.

   b) At a later point, the Debtor agreed to have all rental payments of $18,000.00 per month paid by its tenant to Sioux. This was confirmed by sworn testimony by the Debtor at its § 341 meeting conducted on July 24, 2017.

  8. Therefore, the math demonstrates that the Sioux claim is calculated as follows:

```
    $1,880,505.30
-      217,500.00
-       54,000.00    (6 mos. @ $9,000)
-      648,000.00    (36 mos. @ $18,000)
=      961,005.00
```

   a) Harbour recognizes that these computations are estimates as it does not possess full information as to all dates of payments and the amounts thereof.

  9. Consequently, the scheduled dollar figure for Sioux is well overstated and must be properly determined. This proper computation will have a major impact on the direction of this case and parties respective positions.

**C.** **The Principals of the company which owns the Debtor also conceived a plan to acquire the first mortgage and pay themselves back on an accelerated basis.**

  10. At the Debtor's recent § 341 meeting, Mr. Luciano Coletta testified that he acquired a one-third interest in Sioux thru his trust as did his brother and former partner Gabrielle Villano (now deceased).

  11. Presumably, this was accomplished through a loan and personal

investments.

12. This means that the former, indirect equity owners of the Debtor acquired the first mortgage debt; began paying themselves back and then doubled the payment back to themselves by increasing the payment from $9,000.00 in the Plan to the entire rental amount of $18,000.00.

13. As previously recited above at § A, ¶ 6, the equity owners were obligated in the Plan to contribute all sums necessary to fund any shortfall in Plan payments. They did not.

14. Instead they chose to use their money to buy the mortgage and pay themselves back all to the great detriment of Salce/Harbour. No taxes have been paid for years thus accruing 18% interest. Harbour's lien position has been greatly eroded by the Debtor's decision to pay a loan at 4.125% instead of taxes at 18%.

15. Salce/Harbour was not paid anything after 6 months of Plan payments and is now owed over $801,534.00. See **Exhibit C**.

16. Therefore, Harbour submits that the extra $9,000.00 per month paid to Sioux by the Debtor should be re-characterized as equity contributions as required under the Plan and then deducted from the payoff eventually owed on the first mortgage debt. Based on the calculations set forth in § B, ¶ 9 above, this results in another credit of $324,000.00 ($9,000 x 36 mos.) resulting in a final payment amount of $637,005.00.

In conclusion, since the Debtor apparently intends to sell the Property promptly, the correct calculation of the first mortgage debt is extremely important to any resolution in this case.

WHEREFORE, creditor Bal Harbour, LLC objects to the claim of Sioux, LLC as set forth above and prays that the Court determine its proper amount as set forth above.

        SECURED CREDITOR,
        BAL HARBOUR, LLC

BY: _____
        James M. Nugent, Esq.  ct 08822
        Harlow, Adams & Friedman, P.C.
        One New Haven Avenue, Suite 100
        Milford, CT 06460
        Tele: (203) 878-0661
        Fax:  (203) 878-9568

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| Harborside Associates, LLC | : | Case No. 17-50749 |
| | : | |
| Debtor | : | August 7, 2017 |

## **CERTIFICATION**

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on August 7, 2017, a copy of the Objection to Claim was filed and served to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV
*Via Electronic Notice of Filing*

Carl T. Gulliver
on behalf of Creditor Coan, Lewendon, Gulliver & Miltenberger, LLC
cgulliver@coanlewendon.com
*Via Electronic Notice of Filing*

Douglas S. Skalka
on behalf of Debtor Harborside Associates, LLC
dskalka@npmlaw.com
Via Electronic Notice of Filing

James D. Hine, II
on behalf of Creditor Prime Bank
hine@moglaw.com

Jonathan J. Klein
on behalf of Creditor Sioux, LLC
jjkesq@hotmail.com

Sean Robert Plumb
on behalf of Creditor Town of Stratford
srp@jlgct.com, jlh@jlgct.com

SECURED CREDITOR,
BAL HARBOUR, LLC

BY: _____
James M. Nugent, Esq.  ct 08822
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Tele: (203) 878-0661
Fax:  (203) 878-9568