UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| Harborside Associates, LLC | : | Case No. 17-50749 |
| | : | |
| Debtor | : | December 29, 2017 |

REPLY TO OBJECTION TO
CLAIM BY BAL HARBOUR, LLC

Bal Harbour, LLC replies to the Debtor's objection to its claim as follows.[1]

A. **The Objection as to the calculation of the interest component of the claim misstates the provisions of the Note Modification.**

The Note Modification which the Debtor executed on November 22, 2013, specifically states and provides for compounded interest. It is attached to Bal Harbour's POC and is annexed hereto. Paragraph 7 thereof states:

> "Notwithstanding anything in the Note to the contrary, if Maker shall fail to make any payment due Salce or the holder of this Note on or before the later of its due date or any applicable grace period for such payment, interest shall accrue at a rate 5% per annum higher than the rate otherwise in effect, and said interest shall be compounded on a daily basis."

Therefore, it is crystal clear that, after the Maker fails to make a payment due to the Note holder, interest is due at the default rate compounded daily.

Thus, the objection in this respect should be overruled.

B. **The objection as to attorney's fees and costs should be overruled.**

The modified Note provides for the collection modified of attorneys fees and

---

[1] It is curious and telling that the Debtor has failed to object to the claim of Sioux, LLC, despite the many, large deficiencies in its claim, but objects to relatively small components of Bal Harbour's claim.

expenses in the event of default by the Maker. It is not disputed that the Debtor stopped all payments under the Modified Note early in 2014. A foreclosure on the Modified Note was commenced and was about to go to trial in Connecticut Superior Court when this case was filed (FBT-CV15-6048801-S).

The attorneys fees and expenses which now form part of the POC in this case were incurred in the state court foreclosure. Bal Harbour has already amended its POC to supplement it with the accumulated fees and expenses which are therein documented. Since the objection is merely based on lack of documentation this amendment provides the necessary substantiation for that part of this claim.

WHEREFORE, the Debtor's objection to the claim of Bal Harbour Claim No. 1, should be entirely overruled.

CREDITOR,
BAL HARBOUR, LLC

BY: _____
James M. Nugent    ct# 08822
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Tele No. (203)878-0661
Jmn@quidproquo.com

## NOTE MODIFICATION

This Note Modification (referred to herein as the "Agreement") sets forth the terms of a modification of an Existing Note (defined below) by and between Harborside Associates, LLC, with an address of 946 Ferry Boulevard, Stratford, CT 06615 (referred to herein as "Harborside" and/or "Maker"), as the maker, in favor of The Salce Companies, LLC, with an address of 335 Ferry Boulevard, Stratford, CT 06615 (referred to herein as "Salce"), wherein the modification of the Existing Note has been effectuated by Harborside's Plan of Reorganization (defined below) being confirmed by the United States Bankruptcy Court and becoming effective.

WHEREAS, Harborside is the maker of that certain Promissory Note dated September 6, 2007 (the "Original Note") in the amount of $500,000.00, in favor of Salce, a copy of which is annexed hereto as **Exhibit A**; and

WHEREAS, Harborside and Gabriele Villano executed a certain Mortgage and Note Modification Agreement dated February 27, 2008, a copy of which is annexed hereto as **Exhibit B**, by which the Original Note was modified (the Original Note, as modified by the Mortgage and Note Modification Agreement referred to herein as the "Existing Note")

WHEREAS, the debt evidenced by the Existing Note is secured by a mortgage of property known as 946 Ferry Boulevard, Stratford, Connecticut (referred to herein as the "Restaurant Premises");

WHEREAS, Harborside filed a Chapter 11 bankruptcy petition, Case No. 11-50738 (ahws) in the District of Connecticut, in which it has reorganized and restructured its debt including the debt evidenced by the Existing Note as part of its plan of reorganization (the "Plan of Reorganization") and pursuant to which the Existing Note has been modified, as reflected in this Agreement (the Existing Note, as modified by this Agreement referred to herein as the "Note"); and

WHEREAS, Salce has been the owner of the Existing Note, along with other documents executed in conjunction with the loan evidenced by the Existing Note, the Existing Note and said other documents being referred to herein as the "Loan Documents," which include, *inter alia*: (a) a mortgage made by Harborside in favor of Salce, dated September 6, 2007 and recorded in volume 3103, page 87 of the Stratford, Connecticut land records; (b) the February 27, 2008 Mortgage and Note Modification Agreement, recorded in volume 3164, page 115 of the Stratford land records; (c) a guaranty made by Continuity, LLC in favor of Salce, dated September 6, 2007; (d) a collateral assignment of agreements and permits made by Harborside in favor of Salce, dated February 27, 3008; and (e) a loan title insurance policy in favor of Salce, issued by First American Title Insurance Company and bearing no. 233306378;

NOW THEREFORE, pursuant to Harborside's plan of reorganization, and as agreed herein, effective as of the effective date of the Plan of Reorganization (the "Effective Date"), the Existing Note is amended as follows:

1. The outstanding principal balance is $600,000, which represents reconstituting $100,000 in accrued and unpaid interest as principal and a forgiveness of accrued and unpaid interest in excess of said reconstituted amount.

2. Interest shall accrue on the outstanding principal balance at the rate of 6% per annum from and after the Effective Date, with a $0 accrued interest balance prior to the beginning of the aforesaid 6% per annum accrual.

3. This Note is payable in monthly installments of $2,500 each, due and payable on the first day of the first full calendar month after the Effective Date and continuing each month thereafter until maturity of this Note is otherwise paid in full. The $2,500 payments shall be applied first to interest, with any unpaid interest to accrue.

4. If not sooner paid, the Note shall be due and payable in full on the last business day of the thirty-sixth full calendar month after the Effective Date.

5. Notwithstanding anything in the Note to the contrary, provided that Maker shall not have defaulted in its obligations under the Note, Maker may satisfy its obligations under this Note if it pays all accrued interest and $500,000 in principal on or before the 365th day after the Effective Date.

6. Although the $2,500 monthly payments are due and payable on the first day of each month, they shall be considered timely if received on or before the tenth of the month. The date on which any payment is considered to have been made is the date on which it is received at Salce's office at 335 Ferry Boulevard, Stratford, CT 06615. All payments shall be made payable to "A.H. Salce Properties, LLC" or such other payee as Salce may designate. There shall be a 5% late charge for any $2,500 payment not received by the tenth of the applicable calendar month.

7. Notwithstanding anything in this Note to the contrary, if Maker shall fail to make any payment due Salce or the holder of this Note on or before the later of its due date or any applicable grace period for such payment, interest shall accrue at a rate 5% per annum higher than the rate otherwise in effect, and said interest shall be compounded on a daily basis.

8. Maker agrees to all of the following:

    (a) To timely pay any and all municipal taxes and sewer use charges for the Restaurant Premises;

    (b) To timely pay all loan installments when due to the holder of the first mortgage on the Restaurant Premises, currently Dakota HRG, LLC;

    (c) To keep the real estate and all buildings and improvements at the Restaurant Premises fully insured at all times with proper replacement coverage with a policy that

names Salce as mortgagee and to provide Salce with a copy of the policy for said coverage and any renewal declaration sheets on the request by Salce, and to provide such evidences or certificates of said coverage, along with an obligation in the insurance company to provide Salce with at least thirty days advance notice prior to the lapse of such coverage due to non-renewal or termination;

    (d) To timely pay all Plan obligations set forth in the Plan of Reorganization on pre-petition and post-petition debt senior in priority of security to Salce's Class Three Secured Claim, including but not limited to, all federal, state and local taxes; real estate taxes, water and sewer obligations and first mortgage arrears, if any, to Dakota HRG, LLC; and

    (e) To timely pay all obligations owed to Salce under this Note.

    9. <u>Events of Default.</u> The failure of the Maker to satisfy any obligation set forth in paragraph 8, above shall be an event of default. Such default shall be in addition to any other event of default in the Existing Note. Notwithstanding the foregoing, other than the failure to pay such sums due under this Note in a timely manner, prior to Salce exercising any right it may have due to any other event of default, Salce shall provide written notice specifying the default to Maker and its chapter 11 counsel, and Maker shall have three business days to cure said default. Notice shall be by first class mail and, to Maker by facsimile at 203-944-0470, and to Maker's chapter 11 counsel by email at cgulliver@coanlewendon.com In the event of the failure to cure any default specified in the notice within the aforesaid three-business day period, this Note and all sums due hereunder shall be immediately due and payable, without notice of acceleration or any other notice to Maker. Salce shall be entitled to pursue and enforce any and all remedies and causes of action permitted by federal or state law and shall be permitted to seek an award of attorney's fees and all costs of suit. It is hereby stipulated that fees for Salce's counsel shall be calculated and awarded at $365.00 per hour.

    10. <u>Bankruptcy of Grantor.</u> Harborside hereby covenants and agrees that in the event maker shall (i) file any petition with any bankruptcy court or be the subject of any petition under the United States Bankruptcy Code (11 U.S.C. §1101 et. seq., the "Code"), (ii) file or be the subject of any petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors, (iii) have sought or consented to our acquiesced in the appointment of any trustee, receiver, conservator, or liquidator, or (iv) be the subject of any order, judgment, or decree entered by any court of competent jurisdiction approving a petition filed against such party for any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or relief for debtors, Salce shall thereupon be entitled, and Maker irrevocably consents, to the entry of an order by a bankruptcy court granting to Salce relief from any automatic stay imposed by Section 362 of the Code, or otherwise, on or against the exercise of the rights and remedies otherwise available to Salce as provided in the Loan Documents, as modified, this Note or as otherwise provided by law or in equity, and Maker

hereby irrevocably waives its right to object to, attempt to enjoin or otherwise interfere with such relief and the exercise and enforcement by Salce of its rights and remedies following entry of such order. Without limiting the generality of the immediately preceding sentence, Maker agrees that Salce will be entitled to and Maker hereby consents to immediate relief from the automatic stay imposed by the Code to allow Salce to take any and all actions necessary, desirable or appropriate to enforce any rights Salce may have under the Loan Documents, as modified, including, but not limited to, the right to possession of the Property, collection of rents, and/or the commencement or continuation of an action to foreclose Salce's liens and security interests. Further, Maker agrees that it will not seek, apply for or cause the entry of any order enjoining, staying or otherwise prohibiting or interfering with Salce's obtaining an order granting relief from the automatic stay and enforcement of any rights which Salce may have under the Loan Documents, as modified, including, but not limited to, Salce's right to possession of the Property, collection of rents and/or the commencement or continuation of any action to foreclose the Salce's liens and security interests under the Loan Documents, as modified. Despite the foregoing a petition in bankruptcy by Maker shall not be an event of default by itself unless Maker fails to abide fully by the commitments in this paragraph respecting the rights of Salce.

11. Maker unconditionally and absolutely waives all defenses, claims, counterclaims, rights, rights of setoff or recoupment and any other circumstance which might otherwise constitute a defense or a discharge of borrower or of a guarantor. Maker further waives diligence, demand, presentment for payment, notice of nonpayment, protest and notice of protest, and notice of any renewals or extensions of this Note, and all rights under any statute of limitations.

12. MAKER ACKNOWLEDGES THAT IT MAKES ALL WAIVERS HEREIN KNOWINGLY, VOLUNTARILY, WITHOUT DURESS AND ONLY AFTER CONSIDERATION OF THE RAMIFICATIONS OF THE WAIVERS WITH ITS ATTORNEYS. MAKER FURTHER ACKNOWLEDGES THAT IT HAS HAD A FULL AND FAIR OPPORTUNITY TO DISCUSS THIS NOTE WITH COUNSEL OF ITS CHOICE AND INCLUDED ITS OBLIGATION TO BE BOUND BY THE TERMS HEREIN AS PART OF ITS PLAN OF REORGANIZATION, VOLUNTARILY AND WITH FULL KNOWLEDGE OF ITS LEGAL EFFECT. Maker further agrees and acknowledges that its only defense shall be payment. The waiver of defense shall be construed as broadly as possible in order to effectuate the parties' intentions. Maker's obligation herein are unconditional and irrevocable, irrespective of any other circumstance which might otherwise constitute a legal or equitable defense, claim, counterclaim or discharge of liability.

13. All references to "Salce" herein shall include the holder or owner of the Note if different than Salce.

Dated: 1/22/13        , 2013

                              Harborside Associates, LLC

                              By: _____ Member

Subscribed and sworn to before me this __22nd__ day of __November__, 2013 by

__Luciano Coletti__ in his capacity as __Member__

Of Harborside Assoc. LLC, with full authority to execute same on its behalf.

_Corinne Tsakonas_
Notary Public

Corinne Tsakonas
Notary Public
State of Connecticut, County of New Haven
My Commission Expires: 03/31/2017

-5-

.EXHIBIT A

PROMISSORY NOTE

Date of Note: September _G/M_, 2007                                $500,000, on demand

FOR VALUE RECEIVED, Harborside Associates, LLC (referred to herein as "Maker"), with an address of 80 Middletown Avenue, New Haven, CT 06513, promises to pay to the order of The Salce Companies, LLC (referred to herein, along with any other holder of this Note as "Holder"), at 335 Ferry Boulevard, Stratford, CT 06615, or such other place as Holder shall designate in writing, on the demand of Holder: (a) the principal sum of Five Hundred Thousand Dollars ($500,000.00); (b) interest, as hereinafter provided; and (c) all costs of collection including reasonable attorneys' fees incurred in the collection of this note and/or in realizing on or protecting the lien and/or security interest in any collateral securing the debt evidenced by this note, as and when incurred by Holder, if any.

This note shall bear interest at the rate of 10% per annum, except if the note shall not be paid within three business days of demand, the interest rate that shall be applicable after the end of said three business day period shall be 16% per annum.

Maker waives diligence, demand, presentment for payment, notice of non-payment, protest and notice of protest and notice of any renewals or extensions of this Note and any rights under any statute of limitations and agrees that the time for payment of this Note may be changed and extended without impairing liability thereon.

All payments made hereunder shall be applied first to interest, next to any outstanding charges other than interest or principal due under this Note or Mortgage, and next to principal, or in any other order at the option of the Holder.

MAKER ACKNOWLEDGES THAT THIS NOTE EVIDENCES A COMMERCIAL TRANSACTION AS THAT TERM IS DEFINED IN THE CONNECTICUT GENERAL STATUTES SECTION 52-278a, AS AMENDED, AND PURSUANT TO THE CONNECTICUT GENERAL STATUTES SECTIONS 52-278b AND 52-278f AS AMENDED THE UNDERSIGNED DOES HEREBY WAIVE ITS RIGHTS TO NOTICE AND HEARING PRIOR TO THE ISSUANCE BY HOLDER HEREOF OF ANY PREJUDGMENT REMEDY, AND THE UNDERSIGNED WAIVES ANY RIGHTS AS MAY EXIST UNDER FEDERAL LAW TO ANY NOTICE AND/OR HEARING PRIOR TO THE HOLDER'S HEREOF OBTAINING AND EXERCISING ANY PREJUDGMENT REMEDY.

Continued on following page

MAKER WAIVES THE RIGHT TO TRIAL BY JURY IN ANY ACTION, DEFENSE, COUNTERCLAIM, CROSSCLAIM AND/OR ANY FORM OF PROCEEDING BROUGHT IN CONNECTION WITH THIS NOTE OR RELATING TO ANY INDEBTEDNESS EVIDENCED HEREBY AND/OR ANY COLLATERAL NOW OR HEREAFTER SECURING THIS NOTE.

Harborside Associates, LLC
by Continuity, LLC, its Member and Manager,
by its Managers

Covenant, LLC

by _____
F. Andrew Anastasio, Jr.
Trustee of its Member the Anastasio Family Trust

and

Hermanos, LLC

by _____
Anthony Villano
its member

-2-

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| Harborside Associates, LLC | : | Case No. 17-50749 |
| | : | |
| Debtor | : | |

### CERTIFICATION

In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on Dec. 29 ', 2017 a copy of Reply to Objection to Claim by Bal Harbour, LLC was served to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV
*Via Electronic Notice of Filing*

Carl T. Gulliver
on behalf of Creditor Coan, Lewendon,
Gulliver & Miltenberger, LLC
cgulliver@coanlewendon.com
*Via Electronic Notice of Filing*

Douglas S. Skalka
on behalf of Debtor Harborside Associates, LLC
dskalka@npmlaw.com
Via Electronic Notice of Filing

James D. Hine, II
on behalf of Creditor Prime Bank
hine@moglaw.com

Jonathan J. Klein
on behalf of Creditor Sioux, LLC
jjkesq@hotmail.com

Sean Robert Plumb
on behalf of Creditor Town of Stratford
srp@jlgct.com

CREDITOR,
BAL HARBOUR, LLC

BY: _____
James M. Nugent   ct# 08822
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Tele No. (203)878-0661
Jmn@quidproquo.com